# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6196 | **DATE** | September 28, 2011 |
| **CASE TITLE** | Craig Armstrong vs. Pat Hayden | | |

**DOCKET ENTRY TEXT**

Respondent is ordered to answer or otherwise respond to the petition within thirty days. Petitioner's motion for leave to proceed *in forma pauperis* (Doc [3]), is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se petitioner Craig Armstrong was convicted of violating the Illinois Vehicle Code by operating an uninsured motor vehicle, 625 ILCS 5/6-307, and driving on a suspended driver's license, 625 ILCS 6-303, and received 300 hours of court supervision in the Circuit Court of DuPage County. Pending before the Court are petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted because he has shown that he is indigent.

Rule 4 requires this Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the Court orders respondent to answer or otherwise respond to the petition. Plaintiff alleges a number of federal constitutional claims that can be cognizable under 28 U.S.C. § 2254. Additionally, the Court cannot conclude that the petition plainly appears to either to be untimely or that any claims are procedurally defaulted. The Court shall leave it to respondent to raise any affirmative defenses he desires. Accordingly, the respondent is ordered to answer or otherwise respond to the petition within thirty days.

The Court notes that this is a somewhat unusual § 2254 petition because petitioner was not in prison when he filed his petition (he was living in Villa Park). Under Illinois law, "'Supervision' means a disposition of conditional or revocable release without probationary supervision, but under such conditions and reporting requirements as are imposed by the Court, at the conclusion of which disposition the defendant is discharged and a judgment dismissing the charges is entered." 730 ILCS 5/5-1-21. An Illinois court defers proceedings until the conclusion of the supervision period. 730 ILCS 5/5-6-3.1(a).

## STATEMENT

In light of the foregoing, respondent should address (in addition to any other arguments he wishes to raise in response to the petition): (1) who is the proper respondent for this case, *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); (2) whether respondent was under some form of custody when the petition was filed with the Court, *Virsnieks v. Smith*, 521 F.3d 707, 717-18 (7th Cir. 2008), and (3) whether a proceeding under 28 U.S.C. § 2254 is appropriate. *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (per curiam) (citing *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("[Section] 2254 is the vehicle for prisoners in custody pursuant to the judgment of a state court, but not those in state custody for some other reason, such as preconviction custody; in the latter case, [28 U.S.C. §] 2241 remains available.") (emphasis omitted)).

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Office of the Illinois Attorney General, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to petitioner.

In summary, respondent is ordered to answer or otherwise respond to the petition within thirty days. Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted.