# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6196 | **DATE** | May 24, 2012 |
| **CASE TITLE** | US ex rel. Armstrong vs. Circuit Court of DuPage County | | |

**DOCKET ENTRY TEXT**

Armstrong's petition for habeas relief is denied with prejudice. All pending motions are denied as moot.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## ORDER

This matter comes before the Court on Petitioner Craig Armstrong's ("Armstrong") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Armstrong's petition is denied with prejudice.

On December 3, 2010, Armstrong pleaded guilty in the Circuit Court of DuPage County to operating an uninsured vehicle and driving on a suspended license. He was sentenced to thirty days imprisonment and one year of conditional discharge. Armstrong appealed his conviction and sentence to the Second District Appellate Court of Illinois (the "Appellate Court"). On May 12, 2011, the Appellate Court entered an order advising Armstrong that he must withdraw his guilty plea to proceed with his appeal. On November 2, 2011, Armstrong had yet to withdraw his guilty plea, and the Appellate Court dismissed his appeal. Armstrong did not seek review from the Illinois Supreme Court.

On September 6, 2011, Armstrong filed a petition for habeas relief with this Court pursuant to 28 U.S.C. § 2254. Armstrong has been released from custody with respect to the underlying convictions, although he is currently incarcerated at DuPage County Jail for unrelated matters. Armstrong's release from custody on the challenged convictions does not divest him of standing to bring his petition because his convictions carry post-custody collateral consequences. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). Particularly, Armstrong's convictions will presumably affect his ability to have his driving privileges reinstated in the future. *See* 730 Ill. Comp. Stat. 5/5-5-5(d).

A district court may entertain an application for a writ of habeas corpus on behalf of a state prisoner who is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Prior to assessing the merits of a habeas petition, the Court must consider whether the petitioner has procedurally defaulted his claims. The procedural default doctrine precludes a federal court from reaching the merits of a habeas claim if the claim was not presented to the state courts and the state courts would now hold the claim procedurally barred. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

# ORDER

Respondent contends that Armstrong's claims are procedurally defaulted because he did not exhaust his state court remedies. Despite having pleaded guilty to the underlying offenses, Armstrong attempted to appeal his conviction and sentence. On May 12, 2011, the Appellate Court notified Armstrong that his appeal would be dismissed if he did not withdraw his guilty plea in a timely manner. Nearly six months later, Armstrong had not withdrawn his plea, and the Appellate Court dismissed his appeal on November 2, 2011.

Armstrong had thirty-five days thereafter, until December 7, 2011, to request discretionary review from the Illinois Supreme Court. *See* Ill. Sup. Ct. Rule 315(b). He failed to do so and is time-barred from doing so in the future. Armstrong has thus failed to exhaust his available state court remedies, and his habeas petition is procedurally defaulted.

Nonetheless, a district court may excuse a petitioner's procedural default if he demonstrates either: (1) cause for the default and resulting prejudice, or (2) that a miscarriage of justice will result if the court fails to consider the claim on the merits. *Perruquet*, 390 F.3d at 514. To establish cause for his default, Armstrong must show "that some external impediment blocked him from asserting his federal claim in state court." *Id.* at 314-15. Armstrong contends that the DuPage County Circuit Court, Appellate Court, State's Attorney, and public defender conspired to prevent him from withdrawing his guilty plea, resulting in the dismissal of his appeal. Even if these far-fetched allegations were true, Armstrong has failed to offer any explanation for his failure to present his claims to the Illinois Supreme Court. Therefore, Armstrong has failed to establish cause for his default.

Nor has Armstrong convinced the Court that our refusal to address the merits of his claim would result in a miscarriage of justice, which requires a showing that "he is actually innocent of the crime for which he was convicted." *Id.* at 515. Armstrong pleaded guilty to the underlying traffic violations in the first instance and does not claim that he did not commit these violations. He has yet to withdraw his guilty plea and has offered no evidence to support his allegations of a conspiracy between state court officials to bar him from doing so. Therefore, we decline to excuse Armstrong's procedural default, and his habeas petition is denied. Because Armstrong is time-barred from exhausting his state court remedies, the denial is with prejudice.

As a final matter, Armstrong cannot use his habeas petition as a vehicle to assert civil claims against the DuPage County Jail or to collaterally attack other convictions. Armstrong has filed nearly forty documents in this case, some of which include allegations of wrongful conduct by prison officials. These matters are not appropriately resolved on a Section 2254 petition. Should Armstrong seek to pursue these grievances, he must do so through the appropriate administrative and legal channels. Armstrong has also filed documents challenging his convictions in unrelated matters. Because a habeas petition brought under 28 U.S.C. § 2254 may only attack a single criminal judgment, the Court declines to consider Armstrong's additional claims. *See Boriboune v. Berge*, 391 F.3d 852, 852 (7th Cir. 2004).

In light of the foregoing, Armstrong's petition for habeas relief is denied with prejudice. All pending motions are denied as moot.

**Date: May 24, 2012**

CHARLES P. KOCORAS
U.S. District Judge